The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| DAVID M. WILLIAMS,<br><br>    Plaintiffs,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver for Washington Mutual Bank,<br><br>    Defendant. | No. C09-0504 RAJ<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON MUTUAL BANK'S, ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR BREACH OF CHANGE IN CONTROL AGREEMENT** |

Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank (the "Receiver"), submits the following answer, defenses and affirmative defenses to Plaintiff David M. Williams' Complaint for Breach of Change in Control Agreement (the "Complaint").

## **ANSWER**

1.      The Receiver is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 1 of the Complaint, by on information and belief understands such allegation to be true.  Answering the second sentence in ¶ 2 of the Complaint, the Receiver states that, as Receiver for Washington Mutual Bank, it has received

ANSWER TO COMPLAINT FOR BREACH OF
CHANGE IN CONTROL AGREEMENT- 1
No. C09-0504 RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

documents that reflect that David M. Williams was previously an employee of Washington Mutual and that he entered into a Change in Control Agreement with Washington Mutual. The Receiver further states that those documents speak for themselves.

2. In response to the first sentence in ¶ 2 of the Complaint, the Receiver clarifies that the named defendant in this case is Federal Deposit Insurance Corporation, in its capacity as Receiver for Washington Mutual Bank, and on that basis denies the allegations contained in that sentence. Answering the second sentence in ¶ 2 of the Complaint, the Receiver admits that on September 25, 2008, it was appointed Receiver for Washington Mutual Bank and has acted in that capacity since that date. Except as expressly admitted, the Receiver denies the remaining allegations in ¶ 2 of the Complaint.

3. The allegations in ¶ 3 of the Complaint state legal conclusions to which no answer is required.

4. The allegations in ¶ 4 of the Complaint state legal conclusions to which no answer is required.

5. Answering the allegations in ¶ 5 of the Complaint, the Receiver states that, as Receiver for Washington Mutual Bank, it has received documents that reflect that David M. Williams entered into a Change in Control Agreement with Washington Mutual. The Receiver further states that the document referred to in ¶ 5 of the Complaint speaks for itself.

6. Answering the allegations in ¶ 6 of the Complaint, the Receiver states that the document referred to in ¶ 6 of the Complaint speaks for itself.

7. Answering the allegations in ¶ 7 of the Complaint, the Receiver admits that on September 25, 2008, the Office of Thrift Supervision appointed Federal Deposit Insurance Corporation as Receiver of Washington Mutual Bank and that the Receiver took control of Washington Mutual Bank on that same day. Except as expressly admitted, the remaining allegations in ¶ 7 of the Complaint, express or implied, are denied.

ANSWER TO COMPLAINT FOR BREACH OF
CHANGE IN CONTROL AGREEMENT- 2
No. C09-0504 RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

8. Answering the allegations in ¶ 8 of the Complaint, the Receiver admits that on September 25, 2008, the Receiver sold certain of the received assets of Washington Mutual Bank to JPMorgan Chase Bank, N.A. through a Purchase and Assumption Agreement and states that the Purchase and Assumption Agreement speaks for itself.

9. On information and belief, answering the allegations in ¶ 9 of the Complaint, the Receiver admits that on February 3, 2009, JPMorgan Chase terminated Plaintiff.  The Receiver denies the remaining allegations in ¶ 9 of the Complaint and states that the Change in Control Agreement referred to in ¶ 9 of the Complaint speaks for itself.

10. Answering the allegations in ¶ 10 of the Complaint, the Receiver states that, as Receiver for Washington Mutual Bank, it received a claim from David M. Williams and further states that the documents referred to in ¶ 10 of the Complaint speak for themselves.  Except as expressly admitted, the remaining allegations in ¶ 10 of the Complaint are denied.

11. The Receiver admits that on February 26, 2009, it sent a Notice of Disallowance of Claim letter to Plaintiff and states that letter speaks for itself.

12. The Receiver denies the allegations in ¶ 12 of the Complaint.

13. Paragraph 13 of the Complaint contains allegations to which no answer is required.

14. Paragraph 14 of the Complaint states legal conclusions to which no answer is required.

15. The Receiver denies the allegations in ¶ 15 of the Complaint.

<u>Prayer for Relief</u>

Plaintiff's Prayer for Relief contains allegations to which no answer is required.  To the extent Plaintiff's Prayer for Relief requires and answer, the Receiver denies all of the allegations contained therein and states that Plaintiff is not entitled to any of the relief sought through this lawsuit.

ANSWER TO COMPLAINT FOR BREACH OF
CHANGE IN CONTROL AGREEMENT- 3
No. C09-0504 RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

**DEFENSES AND AFFIRMATIVE DEFENSES**

The Receiver asserts the following defenses and affirmative defenses:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims fail, in whole or in part, pursuant to 12 C.F.R. § 563.39.

3. Plaintiffs' claims fail, in whole or in part, pursuant to 12 C.F.R. § 359.

4. Plaintiff's claims fail, in whole or in part, pursuant to 12 U.S.C. § 1821(e).

5. Plaintiff's claims fail, in whole or in part, pursuant to 12 U.S.C. § 1828(k).

6. Plaintiff's claims fail, in whole or in part, pursuant to 12 U.S.C. § 1821(j).

7. Plaintiff's claims fail, in whole or in part, pursuant to 12 U.S.C. § 1825(b)(3).

8. Plaintiff's alleged damages, if any, were caused solely or in part by Plaintiff's own negligence and/or failure to take reasonable steps to protect his own interests and/or was caused by the acts or omissions of others over whom the Receiver has no control.

9. Plaintiff has released the Receiver from the claims he pursues through this lawsuit.

10. Plaintiff's claims, if any, are time-barred or otherwise untimely.

11. Plaintiff's claims, if any, were discharged by the failure of Washington Mutual Bank.

12. Plaintiff's claims, if any, fail pursuant to the assumption of risk doctrine.

13. Plaintiff's claims are barred by the doctrine of waiver.

14. Plaintiff's claims are barred by the doctrine of unclean hands.

15. Plaintiff failed to mitigate his damages, if any.

The above defenses and affirmative defenses are based on the facts and information currently known to the Receiver. The Receiver reserves the right to amend or add defenses or affirmative defenses based on information, facts later discovered, pled, or offered, or any other development in the investigation of Plaintiff's claims.

ANSWER TO COMPLAINT FOR BREACH OF
CHANGE IN CONTROL AGREEMENT- 4
No. C09-0504 RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

**REQUEST FOR RELIEF**

Having set forth its answer, defenses and affirmative defenses, the Receiver respectfully requests that the Court grant the following relief:

A. Dismissal of this lawsuit with prejudice;

B. An award of attorneys' fees and costs incurred in defending this lawsuit as permissible by law; and

C. Such other relief as the Court deems just and proper.

Dated this 16th day of July, 2009.

DLA PIPER LLP (US)

*/s/ Russell B. Wuehler*
Stellman Keehnel, WSBA No. 9309
Russell B. Wuehler, WSBA No. 37941
Catherine R. Borden, WSBA No. 39666
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044
Tel:  206.839.4800
Fax:  206.839.4801
E-mail:  stellman.keehnel@dlapiper.com
E-mail:  russell.wuehler@dlapiper.com
E-mail:  catherine.borden@dlapiper.com
Attorneys for Defendant Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the parties.

Dated this 16th day of July, 2009.

*/s/ Russell B. Wuehler*
Russell B. Wuehler, WSBA No. 37941
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044
Tel: 206.839.4800
Fax: 206.839.4801
E-mail: russell.wuehler@dlapiper.com

Attorneys for Defendant Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank

WEST\21749520.2