The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In re Former Employees of Washington Mutual Bank v. FDIC as Receiver for Washington Mutual Bank, et al.* | Master File No. C09-0504 RAJ |
| DAVID M. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver for Washington Mutual Bank,<br><br>    Defendant. | No. C09-0504 RAJ<br><br>**STIPULATION AND ORDER CONSOLIDATING CASES FOR PRE-TRIAL PURPOSES**<br><br>**Note Date:  September 2, 2009** |
| CHRIS HUTTON, an individual, MARK HETTEL, an individual, RON LOWERY, an individual, SEAN BECKETTI, an individual, ANDREW POHLMANN, an individual,<br><br>    Plaintiff(s),<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank,<br><br>    Defendant(s). | No. C09-0528 RAJ |

STIPULATION AND ORDER CONSOLIDATING CASES

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

WEST\21789419.1

| | | |
|---|---|---|
| 1 | CHARLES JONES, an individual, CORY STEWART, an individual, TIM EDGE, an individual, ADAM KLEIVER, an individual, GLEN SIMECEK, an individual, RAJIV KAPOOR, an individual, | No. C09-0543 RAJ |
| 2 | | |
| 3 | | |
| 4 | Plaintiff(s), | |
| 5 | v. | |
| 6 | FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank, | |
| 7 | | |
| 8 | Defendant(s). | |
| 9 | DAMIR KORO, an individual, MARY HAIGHT, an individual, SHERYL KIRCHMEIER, an individual, | No. C09-0553 RAJ |
| 10 | | |
| 11 | Plaintiff(s), | |
| 12 | v. | |
| 13 | FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank, | |
| 14 | | |
| 15 | Defendant(s). | |
| 16 | | |
| 17 | ROBERT COLLINS, *et al.*, | No. C09-0570 RAJ |
| 18 | Plaintiffs, | |
| 19 | vs. | |
| 20 | FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Mutual Bank of Seattle, Washington, | |
| 21 | | |
| 22 | Defendants. | |

| | | |
|---|---|---|
| 1 | LINDA MCQUAY, TOM KLEVEN, and JULIE LIABRAATEN, individually, | |
| 2 | | No. C09-0568 RAJ |
| 3 | Plaintiffs, | |
| | v. | |
| 4 | | |
| 5 | FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank; and the UNITED STATES OF AMERICA, | |
| 6 | | |
| 7 | Defendants. | |
| 8 | LUCY HOFFA, an individual, BILL THOMAS, an individual, and PAULA SKARTLAND, an individual, | |
| 9 | | No. C09-0573 RAJ |
| 10 | Plaintiff(s), | |
| 11 | v. | |
| 12 | FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank, | |
| 13 | | |
| 14 | Defendant(s). | |
| 15 | MICHAEL F. DAY, an individual, | |
| 16 | Plaintiff, | No. C09-0684 RAJ |
| 17 | v. | |
| 18 | FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank | |
| 19 | | |
| 20 | Defendant. | |
| 21 | | |

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

WEST\21789419.1

| | | |
|---|---|---|
| 1 | JONI WYCKOFF, an individual, TONY CORSELLO, an individual, and KARYN FURSTMAN, an individual, | |
| 2 | | No. C09-0689 RAJ |
| 3 | Plaintiff(s), | |
| 4 | v. | |
| 5 | FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank | |
| 6 | | |
| 7 | Defendant(s). | |
| 8 | ROBERT C. BJORKLUND, individually, | |
| 9 | Plaintiff, | No. C09-0691 RAJ |
| 10 | v. | |
| 11 | FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Washington Mutual Bank, and as in its corporate capacity, | |
| 12 | | |
| 13 | | |
| 14 | Defendant. | |
| 15 | PETER J. FREILINGER, individually, | |
| 16 | Plaintiff, | No. C09-0692 RAJ |
| 17 | v. | |
| 18 | FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Mutual Bank, and in its corporate capacity; and the UNITED STATES OF AMERICA, | |
| 19 | | |
| 20 | | |
| 21 | Defendants. | |

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

WEST\21789419.1

| | | |
|---|---|---|
| 1 | LYNN EDELSTEIN DU BEY and SCOTT NICHOLS, KENNETH E. KIDO, and JEFFREY J. DEUEL individually, | No. C09-0711 RAJ |
| 2 | | |
| 3 | Plaintiffs, | |
| 4 | v. | |
| 5 | FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank, | |
| 6 | | |
| 7 | Defendant. | |
| 8 | RADHA THOMPSON, an individual, | |
| 9 | Plaintiff(s), | No. C09-0715 RAJ |
| 10 | v. | |
| 11 | FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank, | |
| 12 | | |
| 13 | Defendant(s). | |
| 14 | RANDY R. MELBY, individually, | |
| 15 | Plaintiff, | No. C09-0750 RAJ |
| 16 | v. | |
| 17 | FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank; and the UNITED STATES OF AMERICA, | |
| 18 | | |
| 19 | | |
| 20 | Defendants. | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

| | | |
|---|---|---|
| 1 | MARK J. CONWAY, and ROBERT L. ANDERSON, | |
| 2 | | No. C09-0781 RAJ |
| | Plaintiffs, | |
| 3 | | |
| | v. | |
| 4 | | |
| 5 | FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank; and the UNITED STATES OF AMERICA, | |
| 6 | | |
| 7 | Defendants. | |
| 8 | JASON HERRES, an Individual, | |
| 9 | Plaintiff(s), | No. C09-0798 RAJ |
| 10 | v. | |
| 11 | FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank, | |
| 12 | | |
| 13 | Defendant(s). | |
| 14 | JEFFREY MOSS, an Individual, and SUSAN MORRIS, an Individual, | |
| 15 | | No. C09-0847 RAJ |
| | Plaintiff(s), | |
| 16 | | |
| | v. | |
| 17 | | |
| 18 | FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank, | |
| 19 | | |
| | Defendant(s). | |
| 20 | | |

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

WEST\21789419.1

| | | |
|---|---|---|
| JANE ZALUTSKY,<br><br>              Plaintiff(s),<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Mutual Bank of Seattle, Washington , and FDIC, a corporation,<br><br>              Defendants. | No. C09-0866 RAJ | |

## STIPULATION AND CONSOLIDATION

1.   *Background.*  On September 25, 2008, Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for Washington Mutual Bank.  Shortly thereafter and continuing to the present, former Washington Mutual Bank employees began making claims against FDIC as receiver for Washington Mutual Bank (the "Receiver") arising out of certain change-in-control and other agreements that those former employees had with Washington Mutual.  Those claims have resulted, to date, in eighteen (18) pending lawsuits brought by dozens of Plaintiffs in this District who allege the Receiver breached the agreements by failing to pay Plaintiffs under the agreements (the "Lawsuits").  The Receiver denies that Plaintiffs' claims have merit.

2.   *Cases.*  The Lawsuits are as follows:

| **Abbreviated Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Williams v. FDIC, as Receiver for Washington Mutual Bank* | C09-0504-RAJ | 4/14/2009 |
| *Hutton, et al. v. FDIC, as Receiver for Washington Mutual Bank* | C09-0528-RAJ | 4/17/2009 |
| *Jones, et al. v. FDIC, as Receiver for Washington Mutual Bank* | C09-0543-RAJ | 4/21/2009 |
| *Koro, et al. v. FDIC, as Receiver for Washington Mutual Bank* | C09-0553-RAJ | 4/22/2009 |
| *McQuay, et al. v. FDIC, as Receiver for Washington Mutual Bank, et al.* | C09-0568-RAJ | 4/24/2009 |

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Collins, et al. v. Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank of Seattle, Washington, et al.,* | C09-0570 RAJ | 4/24/2009 |
| *Hoffa, et al. v. FDIC, as Receiver for Washington Mutual Bank* | C09-0573-RAJ | 4/28/2009 |
| *Day v. FDIC, as Receiver for Washington Mutual Bank* | C09-0684-RAJ | 5/15/2009 |
| *Wyckoff, et al. v. FDIC, as Receiver for Washington Mutual Bank* | C09-0689 RAJ | 5/15/2009 |
| *Bjorklund v. FDIC, as Receiver for Washington Mutual Bank, et al.* | C09-0691-RAJ | 5/15/2009 |
| *Freilinger v. FDIC, as Receiver for Washington Mutual Bank, et al.* | C09-0692-RAJ | 5/15/2009 |
| *Du Bey, et al. v. FDIC, as Receiver for Washington Mutual Bank, et al.* | C09-0711-RAJ | 5/20/2009 |
| *Thompson v. FDIC, as Receiver for Washington Mutual Bank* | C09-0715-RAJ | 5/21/2009 |
| *Melby v. FDIC, as Receiver for Washington Mutual Bank, et al.* | C09-0750-RAJ | 5/29/2009 |
| *Conway, et al. v. FDIC, as Receiver for Washington Mutual Bank, et al.* | C09-0781-RAJ | 6/5/2009 |
| *Herres v. FDIC, as Receiver for Washington Mutual Bank* | C09-0798-RAJ | 6/10/2009 |
| *Moss, et al. v. FDIC, as Receiver for Washington Mutual Bank* | C09-0847-RAJ | 6/18/2009 |
| *Zalutsky, v. FDIC as Receiver for Washington Mutual Bank, et al.* | C09-0866-RAJ | 6/22/2009 |

3.  *Consolidation.*  The Lawsuits arise out of the same or similar transactions and occurrences and involve the same or similar issues of law and fact.  In the interests of efficiency and judicial economy, therefore, the parties to the Lawsuits stipulate and agree that the Lawsuits should be, and with the entry of the below Order hereby are, consolidated pursuant to FED. R. CIV. P. 42(a) for all pre-trial purposes.  This stipulated consolidation of the Lawsuits does not affect or alter any outstanding deadlines to respond to plaintiffs' complaints and does not waive any defendant's right to receive proper service of process or challenge service of process or restrict any party from asserting any other claim or defense.

4. *Caption.* The parties hereby stipulate, and with the entry of the below Order it is Ordered, that every pleading filed in the Lawsuits, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In re Former Employees of Washington Mutual Bank v. FDIC, as Receiver for Washington Mutual Bank* | Master File No. C09-0504 RAJ |

5. *Master Case File.* The files of these consolidated Lawsuits shall be maintained in one master file under Master File No. C09-0504 RAJ (the "Consolidated Lawsuits"). A copy of this Order shall be filed in Master File No. C09-0504 RAJ and the entry of this Order shall be docketed in each of the Consolidated Lawsuits.

6. *Newly Filed/Transferred Actions.* The parties anticipate that, in addition to the currently pending Lawsuits, new lawsuits arising out of the same or similar transactions or occurrences and involving the same or similar issues of law and fact may be filed in or transferred to this District. Such lawsuits shall be consolidated with the Lawsuits and assigned to the above Master File No. When a case involving the same or similar transactions or occurrences and involving the same or similar issues of law and fact is hereafter filed in or transferred to this District, counsel in the above-captioned matter shall call the new action to the attention of the Court and shall provide any assistance needed to the Court to ensure the proper consolidation of such action with this consolidated proceeding.

7. *New Plaintiffs.* The parties also anticipate that, in addition to the currently named plaintiffs in the Lawsuits, more plaintiffs will be added to the Lawsuits. The parties will

work together to efficiently and conveniently allow the addition to the currently pending Lawsuits of new named plaintiffs who are similarly situated to and have similar claims as the currently named plaintiffs. The parties shall cooperate to amend pleadings pursuant to FED. R. CIV. P. 15 to add any such similarly situated individuals to the Lawsuits. When a complaint is amended to add a new plaintiff to the Consolidated Lawsuits, defendants shall have not less than twenty (20) days to file an Answer or otherwise respond to the amended pleading.

8. *Plaintiffs' Co-Liaison Counsel.* The law firms of Breskin Johnson & Townsend PLLC and Don S. Willner & Associates, PC are hereby appointed as Plaintiffs' co-liaison counsel for the conduct of Plaintiffs in these Consolidated Lawsuits. Plaintiffs' co-liaison counsel shall have authority to speak for Plaintiffs in matters regarding pre-trial procedure and make pre-trial work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort, including but not limited to discovery efforts. Plaintiffs' co-liaison counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs. Defendants' counsel may rely upon all agreements made with any of Plaintiffs' co-liaison counsel, and such agreements shall be binding on Plaintiffs.

9. *Defendants' Liaison Counsel.* The law firm of DLA Piper LLP (US) and the counsel undersigned below are hereby appointed as Defendants' liaison counsel for certain conduct of Defendants in these consolidated Lawsuits. Defendants' liaison counsel shall have authority to speak for Defendants in matters regarding pre-trial procedure and make pre-trial work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Defendants' liaison counsel shall be responsible for coordinating activities and appearances on behalf of Defendants. As to matters

regarding pre-trial procedure and pre-trial work assignments, Plaintiffs' counsel may rely upon all agreements made with Defendants' liaison counsel, and such agreements shall be binding on Defendants.

10. *Electronic Exchange of Documents*. The parties agree that the expense of exchanging documents, including but not limited to discovery related documents, can be minimized by agreement of all parties to cooperate to exchange documents electronically whenever possible. The parties agree that, where documents can be exchanged electronically using reasonably convenient methods, they will accept e-mail service of all documents, including service of propounding discovery and discovery responses, and any other documents required to be served (*e.g.*, service of papers filed under seal). No party is obligated to serve documents by way of email, but the parties hereby agree that email service of documents shall be effective. Mr. Day, the *pro se* plaintiff, agrees to accept e-mail service of documents at his personal e-mail address, michael.forest.day@gmail.com.

11. *Discovery*. The parties agree that discovery efforts need to be streamlined to be efficient and expeditious. The parties will work in good faith to cooperate on all discovery proceedings. While no individual plaintiff will be deprived of his or her right to take discovery pertinent to his or her individual claim within the scope of FED. R. CIV. P. 26, the parties agree that in the interests of efficiency and economy, certain limitations shall be placed on discovery. Given that Plaintiffs' anticipated scope of discovery and Defendants' defenses are still unknown, the parties currently agree to the below provisions with respect to discovery and will supplement these provisions through a Joint Status Report and Discovery Plan, which will be filed after the cases are consolidated, so that appropriate discovery guidelines and limitations can be ordered by the Court in this Consolidated Lawsuit.

      a.    *Written Discovery.*  The parties stipulate and agree that written discovery shall be coordinated by the parties to avoid unnecessary and duplicative written discovery.

      b.    *Depositions.*  The parties stipulate and agree that depositions shall be coordinated by the parties to avoid unnecessary and duplicative depositions.  Further, depositions shall be conducted in accordance with the following rules:

      i.    Absent leave from the Court or by agreement from opposing counsel, each witness shall only be deposed one time.  The parties will work in good faith to establish a fair amount of time for such examination.

      ii.    Unless contrary to an order of the Court, the parties (and, when appropriate, a nonparty witness) may stipulate in any suitable writing to alter, amend, or modify any practice relating to noticing, conducting, or proceeding with regard to a deposition.  Stipulations for the extension of discovery cutoffs set by the Court are not valid, however, until approved by the Court.

      iii.    To allow counsel to make arrangements for adequate deposition space, absent extraordinary circumstances, counsel who intend to attend a deposition noticed in the consolidated action should advise counsel for the noticing party at least three days prior to the deposition.

      iv.    Each side should ordinarily designate one attorney to conduct the principal examination of the deponent.  Counsel should cooperate so examination by multiple attorneys does not exceed the allotted time.

      v.    Any objection made at a deposition shall be deemed to have been made on behalf of all other parties.  All objections, except those relating to form and foundation, are preserved.

12. *Motion Practice.* The parties further stipulate and agree that motion practice shall be streamlined to be efficient and expeditious and to avoid duplicative briefing on issues. Given that the parties agree that motion practice shall be coordinated, but that the scope of issues to be presented to the Court is yet unknown, the parties will submit a Joint Status Report and Discovery Plan, which will be filed after the cases are consolidated, so that appropriate guidelines and limitations can be ordered by the Court with respect to motion practice in this Consolidated Lawsuit.

13. *Proposed Case Schedule.* Within ten (10) days of entry of the below Order, the parties, through liaison counsel, will conduct a FED. R. CIV. P 26(f) conference in person or by telephone. The parties will submit a Joint Status Report and Discovery Plan pursuant to FED. R. CIV. P. 26 within twenty (20) days of entry of the below Order, which will set forth a proposed case schedule and discovery plan, and which will provide the Court with the parties' position(s) with respect to limitations on discovery and motion practice in this Consolidated Lawsuit.

## ORDER

IT IS SO ORDERED.

Dated this the 2nd of September, 2009.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

WEST\21789419.1