1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

*In re Former Employees of Washington Mutual Bank v. FDIC as Receiver for Washington Mutual Bank, et al.*

Master File No. C09-0504 RAJ

MARK J. CONWAY and ROBERT L. ANDERSON and MICHAEL E. BRANDEBERRY, IGOR CERC, JEFFREY DEUEL, CAMILLE EVERTT, MARCINE HULL, KATHRYN GREVE, ROBERT JOHNSON, ROLLAND JURGENS, KENNETH KIDO, CATHERINE E. KILLIEN, JUDY MURRAY, ELIZABETH PEPPER, KENDRA S. PRATT, LANE PREMO, JOHN ROBINSON, BRETT A. ROSS, JANQUELIN F. SCHRAG, SCOTT SHAW, CHARLES M. SLEDD, JANE SUCHAN, NESLON TURLA, MICHAEL WALSER, DONALD P. WILHELM, individually,

Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank; and FEDERAL DEPOSIT INSURANCE CORPORATION in its Corporate Capacity

Defendants.

NO.  C09-0781 RAJ

THIRD AMENDED COMPLAINT

**JURY TRIAL DEMANDED**

THIRD AMENDED COMPLAINT- 1

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660

Plaintiffs, MARK J. CONWAY, ROBERT L. ANDERSON, MICHAEL E. BRANDEBERRY, IGOR CERC, JEFFREY DEUEL, CAMILLE EVERETT, MARCINE HULL, KATHRYN GREVE, ROBERT JOHNSON, ROLLAND JURGENS, KENNETH KIDO, CATHERINE E. KILLIEN, JUDY MURRAY, ELIZABETH PEPPER, KENDRA S. PRATT, LANE PREMO, JOHN ROBINSON, BRETT A. ROSS, JANQUELIN SCHRAG, SCOTT SHAW, CHARLES M. SLEDD, JANE SUCHAN, NELSON TURLA, MICHAEL WALSER, DONALD P. WILHELM bring this cause of action against Defendants FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Washington Mutual Bank, and in its corporate capacity and allege as follows:

## I.  PARTIES

1.     Washington Mutual Bank ("Washington Mutual") was a banking company headquartered and doing business at Seattle, Washington.

2.     Federal Deposit Insurance Corporation ("FDIC") is a corporation and agency of the United States that acted as the successor and receiver for Washington Mutual until Washington Mutual was sold to JP Morgan Chase, another banking company.

3.     Federal Deposit Insurance Corporation ("FDIC") in its corporate capacity acted as the successor for Washington Mutual until Washington Mutual was sold to JP Morgan Chase, another banking company.

4.     Washington Mutual, at all times material to the allegations in this complaint, was a corporation headquartered and with its principal place of business in

THIRD AMENDED COMPLAINT- 2

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660

Seattle, Washington. Washington Mutual is not made a party to this suit because it has been dissolved and placed into receivership with the FDIC.

5.    Upon information and belief, FDIC is a corporation and agency of the United States Government, with its principal place of business in the District of Columbia, and at all times material, is the successor and receiver for Washington Mutual. FDIC is made a defendant herein both as a receiver for Washington Mutual ("FDIC-Receiver") and in its corporate capacity ("FDIC-Corporate") as an independent entity of the United States Government with separate duties to Plaintiff.

6.    Plaintiff MARK J. CONWAY is an individual currently residing in King County, Washington. Mr. Conway was an employee of Washington Mutual at all material times.

7.    Plaintiff MICHAEL E. BRANDEBERRY is an individual currently residing in King County, Washington. Mr. Brandeberry was an employee of Washington Mutual at all material times.

8.    Plaintiff IGOR CERC is an individual currently residing in King County, Washington.  Mr. Cerc was an employee of Washington Mutual at all material times.

9.    Plaintiff JEFFREY DEUEL is an individual currently residing in King County, Washington. Mr. Deuel was an employee of Washington Mutual at all material times.

10.    Plaintiff CAMILLE EVERETT is an individual currently residing in King County, Washington. Ms. Everett was an employee of Washington Mutual at all material times.

THIRD AMENDED COMPLAINT- 3

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660

11.    Plaintiff MARCINE HULL is an individual currently residing in King County, Washington. Ms. Hull was an employee of Washington Mutual at all material times.

12.    Plaintiff KATHRYN GREVE is an individual currently residing in King County, Washington. Ms. Greve was an employee of Washington Mutual at all material times.

13.    Plaintiff ROBERT JOHNSON is an individual currently residing in King County, Washington. Mr. Johnson was an employee of Washington Mutual at all material times.

14.    Plaintiff ROLLAND JURGENS is an individual currently residing in King County, Washington. Mr. Jurgens was an employee of Washington Mutual at all material times.

15.    Plaintiff KENNETH KIDO is an individual currently residing in King County, Washington. Mr. Kido was an employee of Washington Mutual at all material times.

16.    Plaintiff CATHERINE E. KILLIEN is an individual currently residing in King County, Washington. Ms. Killien was an employee of Washington Mutual at all material times.

17.    Plaintiff JUDY MURRAY is an individual currently residing in King County, Washington. Ms. Murray was an employee of Washington Mutual at all material times.

THIRD AMENDED COMPLAINT- 4

18.    Plaintiff ELIZABETH PEPPER is an individual currently residing in King County, Washington. Ms. Pepper was an employee of Washington Mutual at all material times.

19.    Plaintiff KENDRA S. PRATT is an individual currently residing in King County, Washington. Ms. Pratt was an employee of Washington Mutual at all material times.

20.    Plaintiff LANE PREMO is an individual currently residing in King County, Washington. Mr. Premo was an employee of Washington Mutual at all material times.

21.    Plaintiff JOHN ROBINSON is an individual currently residing in King County, Washington. Mr. Robinson was an employee of Washington Mutual at all material times.

22.    Plaintiff BRETT A. ROSS is an individual currently residing in King County, Washington. Mr. Ross was an employee of Washington Mutual at all material times.

23.    Plaintiff JANQUELIN F. SCHRAG is an individual currently residing in Snohomish County, Washington. Ms. Schrag was an employee of Washington Mutual at all material times.

24.    Plaintiff SCOTT SHAW is an individual currently residing in King County, Washington. Mr. Shaw was an employee of Washington Mutual at all material times.

THIRD AMENDED COMPLAINT- 5

25.    Plaintiff CHARLES M. SLEDD is an individual currently residing in King County, Washington. Mr. Sledd was an employee of Washington Mutual at all material times.

26.    Plaintiff JANE SUCHAN is an individual currently residing in King County, Washington. Ms. Suchan was an employee of Washington Mutual at all material times.

27.    Plaintiff NELSON TURLA is an individual currently residing in King County, Washington. Mr. Turla was an employee of Washington Mutual at all material times.

28.    Plaintiff MICHAEL WALSER is an individual currently residing in Kitsap County, Washington. Mr. Walser was an employee of Washington Mutual at all material times.

29.    Plaintiff DONALD P. WILHELM is an individual currently residing in King County, Washington. Mr. Wilhelm was an employee of Washington Mutual at all material times.

## II.    JURISDICTION AND VENUE

30.    The United States District Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 12 U.S.C. §1821 AND 28 U.S.C. § 1346.

31.    This Court has personal jurisdiction over all the parties.

32.    Venue is proper pursuant to 28 U.S.C. 1391(e).

33.    Venue is proper pursuant to 29 U.S.C. § 1332(e) and 28 U.S.C. § 1391.

34.    Venue is proper pursuant to 12 U.S.C. § 1819(b)(2)(a) and 1821 (d)(6).

THIRD AMENDED COMPLAINT- 6

35.    Plaintiff has complied with all procedural and administrative prerequisites to filing suit by presenting a claim to the FDIC which has been denied.

36.    Venue is proper pursuant to 28 U.S.C. § 2201.

### III.   FACTUAL BACKGROUND

37.    Plaintiffs, each of them, entered into a binding employment contract with Washington Mutual which contained a provision referred to as a "change in control" clause. The change in control clause provided for compensation to the employee if Washington Mutual underwent a change in control.

38.    Washington Mutual's liability pursuant to Plaintiffs' change in control agreements was a readily ascertainable sum-certain amount as of September 2008.

39.    According to the FDIC's website, "On September 25, 2008, the banking operations of Washington Mutual, Inc - Washington Mutual Bank, Henderson, NV and Washington Mutual Bank, FSB, Park City, UT (Washington Mutual Bank) were **sold** in a transaction facilitated by the Office of Thrift Supervision (OTS) and the Federal Deposit Insurance Corporation (FDIC)."   (Emphasis added.)

40.    On or about September 25, 2008, Washington Mutual underwent a change in control pursuant to that certain Purchase and Assumption Agreement. *See* *http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf* (hereinafter the "PAA"). FDIC, in both its corporate and receiver capacity, retained the Washington Mutual liabilities to the Washington Mutual employees, including payment of wages, for change in control.

41.    All employment agreements, including the change in control and other compensation agreements, were explicitly excluded from the FDIC's sale to JP Morgan

THIRD AMENDED COMPLAINT- 7

Chase. *See* PAA, Schedule 2.1, ¶ 5. Therefore, the liability for the change in control agreements remains with the FDIC.

42.     Plaintiffs, each of them, filed claims with the FDIC to recover compensation due and owing based upon the change of control contract and other liabilities of the FDIC.

43.     The FDIC breached Plaintiffs' employment contracts by refusing to honor Plaintiffs' claims.

44.     Plaintiffs have been individually damaged by the wrongful conduct of the FDIC.

45.     The Federal Deposit Insurance Act states that the FDIC "[s]hall pay all valid obligations of the insured depository institution .... " 12 U.S.C. § 1821(d)(2)(H).

46.     The Federal Deposit Insurance Act further obligates the FDIC to "allow any claim received on or before the date specified in the notice published under paragraph (32)(B)(i) by the receiver from any claimant which is proved to the satisfaction of the receiver." 12 U.S.C. § 1821(d)(5)(B).

## IV.   FIRST CAUSE OF ACTION:
## <u>BREACH OF CONTRACT</u>

47.     Plaintiffs repeat and reallege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

48.     Plaintiffs had binding employment agreements with Washington Mutual which included compensation in the event that Washington Mutual Bank underwent a change in control event.

THIRD AMENDED COMPLAINT- 8

49.    In or about September 2008, Washington Mutual underwent a change in control event.

50.    The FDIC, in both its capacity as a receiver and corporation, acted as the successor and receiver for Washington Mutual.

51.    The FDIC did not sell Plaintiffs' binding employment agreements with Washington Mutual to JP Morgan Chase pursuant to the PAA.

52.    The FDIC breached plaintiffs' employment contracts by refusing to honor the change in control clause and refusing to pay the liability due thereunder.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

53.    Judgment against Defendant for direct and consequential damages in an amount to be determined at trial;

54.    Exemplary damages for the willful withholding of wages pursuant to RCW § 49.52;

55.    Attorneys' fees and costs pursuant to RCW §§ 49.48 and 49.52;

56.    For such other and further relief as this court deems just and equitable.

## VI.    JURY TRIAL DEMAND

Plaintiffs demand trial by jury of 12 pursuant to Fed. R. Civ. P 38 upon all issues.

THIRD AMENDED COMPLAINT- 9

1       DATED: this 5th day of November 2009.

2                             BRESKIN JOHNSON & TOWNSEND, PLLC

3

4                     By:  __/s/ Roger M. Townsend_____
                         Roger Townsend, WSBA # 25525

5                       Daniel Foster Johnson, WSBA # 27848
                       BRESKIN JOHNSON & TOWNSEND PLLC

6                       1111 Third Avenue, Suite 2230

7                       Seattle, WA 98101
                       206-652-8660

8                       206-652-8690 (fax)

9                       rtownsend@bjtlegal.com
                       Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

THIRD AMENDED COMPLAINT- 10

1

2

CERTIFICATE OF SERVICE

3

4       I, Amber Siefer, hereby certify that on November 5th, 2009, I electronically filed the

5   foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF

6   system.

7       I certify that all participants in the case are registered CF/ECF users and that service

8   will be accomplished by the CM/ECF system.

9                                          /s/ Amber R. Siefer
                                           Amber R. Siefer

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

THIRD AMENDED COMPLAINT- 11

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660